IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Roosevelt Baccus, *also known as John Baccus*, | ) C/A No. 9:13-3133-DCN-BM ) ) |
| Petitioner, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| Larry Cartledge, Warden, Perry Correctional Institution, | ) ) ) |
| Respondent. | ) ) ) |

Petitioner, John Roosevelt Baccus, also known as John Baccus, ("Petitioner"), a state prisoner in the Perry Correctional Institution of the South Carolina Department of Corrections in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his convictions and sentences of life imprisonment for murder and first degree burglary, after a jury trial in Marion County General Sessions Court on May 23, 2003. *See* Petition, ECF No. 1, p. 1. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for initial screening.

Petitioner has previously filed two § 2254 petitions in this Court, challenging these same convictions and sentences. Petitioner's first § 2254 petition was filed on June 29, 2006. *See John Roosevelt Baccus v. Stan Burtt, et al.*, C/A No. 0:06-1912-DCN-BM (D.S.C.).[1] In C/A No. 06-

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



1912, in an Order dated May 16, 2007, the Honorable David C. Norton, United States District Judge, granted summary judgment to the Respondents, denied Petitioner's motion for summary judgment, and dismissed the case *with prejudice*. *See* Order (ECF No. 40), *Baccus v. Burtt* C/A No. 0:06-1912-DCN-BM, 2007 WL 1468700 (D.S.C. 2007). Petitioner appealed this Court's judgment in C/A No. 06-1912 to the United States Court of Appeals for the Fourth Circuit. Petitioner's appeal was dismissed on September 17, 2007, and the United States Supreme Court later denied discretionary appellate review. *See Baccus v. Burtt*, No. 07-6754, 241 F. App'x 973, 2007 WL 2720408 (4th Cir. Sept. 17, 2007), *cert. denied*, 552 U.S. 1286 (2008).

On July 21, 2011, Petitioner filed a second § 2254 petition, in *Baccus v. Cartledge*, C/A No. 9:11-1754-DCN-BM (D.S.C.), which was summarily dismissed *without prejudice*, on August 2, 2011, because of Petitioner's failure to comply with the provisions of 28 U.S.C. § 2244(b)(3) and *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) . *See* Order (ECF No. 12), *Baccus v. Cartledge*, C/A No. 9:11-1754-DCN-BM, 2011 WL 3794154 (D.S.C. 2011). Petitioner appealed the summary dismissal of his second petition, and the United States Fourth Circuit Court of Appeals dismissed Petitioner's appeal on November 28, 2011. *See Baccus v. Cartledge*, 453 F. App'x 391 (4th Cir. 2011).

Having reviewed the instant Petition, Petitioner's prior proceedings in this Court, and the applicable law, the undersigned finds that the instant § 2254 Petition is successive and should be summarily dismissed, pursuant to 28 U.S.C. § 2244(b)(3) and *In re: Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996). Because Petitioner filed the instant Petition without first obtaining an order from the United States Court of Appeals for the Fourth Circuit authorizing this district court to consider it, this Court lacks jurisdiction to hear the Petition.



## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.



3

## DISCUSSION

The Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *Tyler v. Cain*, 533 U.S. 656 (2001). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals.[2] The "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A) provides that,

---

[2] A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a *prima facie* showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not the district court. A petitioner in this district can obtain the necessary forms for filing a motion for such authorization from the Clerk of Court's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).



"*[b]efore* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (emphasis added).³

Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, by obtaining authorization from the Fourth Circuit to file this action. *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) (the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order authorizing this Court to consider this successive § 2254 petition has not been issued by the Fourth Circuit. Consequently, this Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court murder and burglary convictions and sentences of life imprisonment in this Court.

---

³ Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).



## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be summarily dismissed without prejudice and without requiring Respondent to file a return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

December 3, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

